# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**LESLIE SOWERS**                                                                    **PLAINTIFF**

**V.**                                                            **CAUSE NO.: 2:07CV11-SA-SAA**

**ELLIS W. DARBY, TUNICA COUNTY JUSTICE
COURT JUDGE, OFFICIALLY AND INDIVIDUALLY**            **DEFENDANT**

## MEMORANDUM OPINION ON SUMMARY JUDGMENT

Comes now before this Court, Defendant's Motion for Summary Judgment [11]. After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

*Factual and Procedural Background*

This case centers around three criminal complaints lodged against the Plaintiff in Tunica County Justice Court for disturbing the peace, simple assault, and malicious mischief. On October 19, 2005, Leslie Sowers was found guilty of all three charges and sentenced by Justice Court Judge Ellis W. Darby to serve twenty days in the Tunica County jail, and pay fines, court costs, and restitution in the amount of $3,444.00. Plaintiff served her twenty days in jail and completed a period of probation, paid her fines, court costs, and restitution, and did not appeal her state court conviction through the proper state court channels.

On January 16, 2007, Plaintiff filed this federal lawsuit pursuant to Sections 1983, 1988, the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment seeking to enjoin the Defendant from violating other citizens' of their rights and reimbursing Plaintiff for all fines, fees, assessments, and restitution. Plaintiff also requests a declaratory judgment that the actions of the Defendant were illegal and violated Plaintiff's constitutional rights.

The Defendant filed the instant Motion for Summary Judgment asserting, *inter alia*, judicial

immunity, issue preclusion, mootness, lack of standing, state law immunity, and statute of limitations arguments for dismissal of this action.

*Summary Judgment Standard*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the nonmoving party's case"). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548 (citing FED. R. CIV. P. 56(c), (e)). That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the nonmovant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*Discussion and Analysis*

The United States Supreme Court has recognized judicial immunity as a "a general principle of the highest importance to the proper administration of justice" in that "a judicial officer, in

exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 13 Wall. 335, 347, 80 U.S. 335, 20 L. Ed. 646 (1872). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of jurisdiction." Id. at 351. Indeed, judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Mirales v. Waco, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (citing Forrester v. White, 484 U.S. 219, 227-29, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 360, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Bradley, 13 Wall. at 351, 80 U.S. 335)).

Whether an act by a judge is a judicial one "relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362, 98 S. Ct. 1099. In determining whether Judge Darby's actions were "judicial in nature," this Court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972)). The four factors are to be "broadly construed in favor of immunity, and immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge's mind that to take

3

proper action might expose him to personal liability." Id. (citing Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985).

There is no dispute that Darby was acting in his judicial capacity during the events in question. See *Complaint* [1], ¶¶ 2 (the defendant "was acting and/or neglected to act in the course and scope of his employment"); 7 ("Defendant Darby acting in his official capacity . . ."); 10 ("failed to exercise his judicial duties . . ."). Even if there were a cognizable dispute, the Court finds that as Plaintiff has complained of Darby's alleged failure to properly serve summons, improper denial of counsel, finding of guilty on misdemeanor charges, and improper sentencing - all actions taken on October, 19, 2005, in trial, and in performance of duties normally prescribed to judges - there is no legitimate argument that Darby was not acting within his judicial capacity. See Lopez v. Vanderwater, 620 F.2d 1229, 1235 (7th Cir.), cert. denied, 449 U.S. 1028, 101 S. Ct. 601, 66 L. Ed. 2d 491 (1980). (judge immune for actions of arraigning, convicting and sentencing); Malina, 994 F.2d at 1225 (despite judge's informal summons to court, judge was seen in his official capacity, thus, was afforded judicial immunity).

In relation to the second instance of judicial non-immunity, the Supreme Court in Bradley noted the distinction between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter:

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

13 Wall. at 351-52, 80 U.S. 335.

Judge Ellis W. Darby, at all times relevant, was a justice court judge in Tunica County, Mississippi. Mississippi Constitution Article 6, Section 171 provides that the justice courts shall have jurisdiction over causes in which the principal amount in controversy does not exceed $2,500 and petty misdemeanors "whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail."

Plaintiff challenges Judge Ellis Darby's judicial immunity due to her contention that she was charged, tried, convicted, and sentenced with a felony and fined in excess of the statutory caps of justice court jurisdiction. Plaintiff contends that a question of fact exists in this case as to whether the charge she was convicted of is a misdemeanor or a felony. Specifically, Sowers argues that because she was ordered to pay $3,444 in restitution, court costs, and fines and spent twenty days in the Tunica County jail, she was convicted of felonious malicious mischief instead of misdemeanor malicious mischief that would be within the justice court jurisdiction.

The statutory definition of malicious mischief provides that every person "who shall maliciously or mischievously destroy, disfigure, or cause to be destroyed, disfigured, or injured, any property of another, either real or personal, shall be guilty of malicious mischief." Miss. Code Ann. § 97-17-67. The statute further clarifies that if the value of the property destroyed is $500 or less, the crime "shall be a misdemeanor punishable by a fine of not more than One Thousand Dollars ($1,000.00) or imprisonment not exceeding twelve (12) months in the county jail, or both." Id. However, if the property destroyed is in excess of $500, "it shall be a felony punishable by a fine not exceeding Ten Thousand Dollars ($10,000.00) or imprisonment in the Penitentiary not exceeding five (5) years, or both." Id.

Upon being found guilty of malicious mischief, Sowers was sentenced to twenty days in the county jail, a $100 fine, court costs of $144, and restitution in the amount of $3,200. Mississippi Code Section 99-37-3 provides that "[w]hen a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim; provided, however, that the justice court shall not order restitution in an amount exceeding Five Thousand Dollars ($5,000.00)." (Emphasis added).

Based on the statutory language of Section 97-17-67, Sowers was fined less than $1,000 and imprisoned less than twelve months in the county jail. Her crime, therefore, was a misdemeanor, which is within the justice court's jurisdiction. She was also required to pay an amount less than $5,000 in restitution to the victim, which is within the justice court's jurisdiction. Thus, Justice Court Judge Ellis Darby did not clearly exceed the scope of his authority under the Mississippi Constitution and statutes. Therefore, he is entitled to full and absolute judicial immunity.

Plaintiff claims that she is entitled to an injunction against Defendant to prevent him from depriving other citizens of their rights and reimbursing her for all fines, fees, assessments, and restitution. Plaintiff also requests a declaratory judgment that the actions of the Defendant were illegal and violated the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. Both parties cited and this Court acknowledges that judicial immunity is not a bar to federal prospective injunctive relief against a judicial officer. Pulliam v. Allen, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984); Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003). In 1996, Section 1983 was amended to add that injunctive relief against a judicial officer for an act or omission in his judicial capacity "shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; Bauer, 341 F.3d at 357. Here, the Plaintiff has not put on any proof that a declaratory decree

6

was violated or that declaratory relief has been unavailable previously.

In Bauer v. Texas, a case very similar to the case sub judice, the plaintiff sought a declaratory judgment that a certain section of the Texas Probate Code was unconstitutional. 341 F.3d 353 (5th Cir. 2003). The Court noted that its first inquiry involved the issue of standing and ultimately found there was no case of controversy. The Fifth Circuit affirmed the district court's dismissal. As the Court noted, the three elements of Article III standing are: 1) injury, 2) causation, and 3) redressability. Bauer, 341 F.3d at 357 (citing Okpalobi v. Foster, 244 F.3d 405, 425 (5th Cir. 2001)). The Fifth Circuit stated that

> [t]here are no guardianship proceedings at this time. Bauer alleges she has standing because of the "loss of personal and financial rights and liberties…caused by Olsen" and argues a declaratory judgment is warranted because Olsen's "past pattern of conduct demonstrates a threat that he will continue to apply unconstitutional guardianship statutes against Bauer unless declaratory relief is obtained." Bauer seeks declaratory rather than injunctive relief because of section 1983's provision, added in 1996, that injunctive relief against a judicial officer for an act or omission in his judicial capacity shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. Tesmer v. Granholm, 114 F. Supp. 2d 603, 605 (E.D. Mich. 2000).

Id.

The Court also noted that a plaintiff can meet the standing requirements when suit is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, by establishing "actual present harm or a significant possibility of future harm," Peoples Rights Org. v. City of Columbus, 152 F.3d 522, 527 (6th Cir. 1998), "even though the injury-in-fact has not yet been completed." Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 280 (6th Cir. 1997). The "actual controversy" required under 28 U.S.C. § 2201(a) "is identical to the meaning of 'case or controversy' for the purposes of Article III." Lawson v. Callahan, 111 F.3d 403, 405 (5th Cir. 1997).

7

In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. City of Los Angeles v. Lyons, 461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Cone Corp. v. Florida Dep't of Transp., 921 F.2d 1190, 1205 (11th Cir. 1991). Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985). The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Id. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. Id.

"'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" Lyons, 103 S. Ct. at 1665 (quoting O'Shea v. Littleton, 414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)). To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. "Similar reasoning has been applied to suits for declaratory judgments." Bauer, 341 F.3d at 358 (citing Ashcroft v. Mattis, 431 U.S. 171, 97 S. Ct. 1739, 52 L. Ed. 2d 219 (1977); Golden v. Zwickler, 394 U.S. 103, 89 S. Ct. 956, 22 L. Ed. 2d 113 (1969)).

Given that Sowers acknowledges there are currently no state criminal proceedings against her, she has served her term of imprisonment and probation, paid the fine, court costs, and restitution, and did not seek a direct appeal of her conviction in Mississippi state court, there does not exist a "substantial likelihood" or a "real and immediate" threat that Sowers will face injury from Judge

8

Darby in the future. The Fifth Circuit has often held that plaintiffs lack standing to seek prospective relief against judges where the likelihood of future encounters is speculative. Adams, 764 F.2d at 299 (5th Cir. 1985); Society of Separationists, Inc. v. Herman, 959 F.2d 1283 (5th Cir. 1992).

Because there is no ongoing injury to Sowers and any threat of future injury is neither imminent or likely, there is not a live case or controversy for this court to resolve and a declaratory judgment would therefore be inappropriate. Thus, Plaintiff's federal claims are dismissed due to Judge Darby's absolute judicial immunity and the lack of a live case or controversy for declaratory or injunctive relief. See Lewis v. Green, 629 F. Supp. 546, 553 (D. D.C. 1986) (granting judicial immunity where party sought injunction compelling judge to alter his earlier decision).[1]

Plaintiff also brings state law claims of negligence, gross negligence, due process, and other unnamed intentional torts. Defendant contends that he is privy to judicial immunity under the Mississippi Tort Claims Act, and further, that Plaintiff's claims for intentional torts should be dismissed for failing to comply with the applicable statute of limitations.

Mississippi law recognizes, just as federal law does, that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and alleged to have been done maliciously or corruptly." Vinson v. Prather, 879 So. 2d 1053, 1057 (Miss. Ct. App. 2004) (citing Loyacono v. Ellis, 571 So. 2d 237, 238

---

[1] Moreover, the Court recognizes that Plaintiff's claim, whether for damages, declaratory judgment, or injunctive relief, is similarly not cognizable in a Section 1983 action because it implies the invalidity of her conviction, and she has not shown her conviction to have been overturned or otherwise declared invalid. See Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); see also Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002).

9

(Miss. 1990)). "Public policy mandates that a judge should have the power to make decisions without having to worry about being held liable for his actions." Loyacono, 571 So. 2d at 238. The best interests of the people and public order require that judges be immune from civil liability. Id. If someone believes a judge has acted either contrary to or in excess of his authority, the primary remedy is to file a complaint with the Mississippi Commission on Judicial Performance. Vinson, 879 So. 2d at 1057 (citing Miss. Comm'n of Jud. Perform. v. Russell, 691 So. 2d 929, 947 (Miss. 1997)).

Moreover, Mississippi Code Section 11-46-9(1)(a) states that "[a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature." The negligence alleged by Plaintiff is due to the actions and inactions of Judge Darby that caused her alleged pain, suffering, injuries and imprisonmentf. As noted above, the actions taken by Defendant were within his judicial scope. Thus, Plaintiff's claims fall squarely within Mississippi Code Section 11-46-9(1)(a) and provide immunity for Judge Darby because such claims arise out of a judicial action or inaction.

Mississippi Code Section 15-1-35 provides a one year statute of limitations period for intentional torts. Plaintiff argues that her notice of claim letter required under the Mississippi Tort Claims Act tolls the statute of limitations for intentional torts. However, that argument is unpersuasive. See Herman v. City of Shannon, 296 F. Supp. 2d 709, 715 n. 9 (N.D. Miss. 2003) (even if plaintiff could have alleged misconduct was outside the officer's scope of employment, intentional torts would still be subject to one-year statute of limitations period found in Mississippi Code Section 15-1-35); Lee v. Thompson, 859 So. 2d 981, 985-86 (Miss. 2002) (allegations that officers acted intentionally or with reckless disregard caused the claims to fall outside the MTCA and

thus, subject to the statute of limitations found in Mississippi Code Section 15-1-35).

The actions complained of and allegations of intentional torts raised by the plaintiff necessarily accrued at or on October 19, 2005. Plaintiff filed this action on January 16, 2007. Accordingly, Plaintiff is barred by the statute of limitations for intentional torts and those claims will be dismissed as well. See Robinson v. Coastal Family Health Ctr., Inc., 756 F. Supp. 958 (S.D. Miss. 1990) (noting that there can be no escape from bar of statute of limitations applicable to intentional torts by mere refusal to style the cause brought in the recognized statutory category and thereby circumvent the prohibition of the statute).

*Conclusion*

Judge Ellis Darby qualifies for full absolute judicial immunity for the Plaintiff's federal law claims because he did not act in the clear absence of all jurisdiction. Further, Plaintiff did not present a live case or controversy for declaratory or injunctive relief as required under Article III of the United States Constitution. Thus, Plaintiff's federal law claims are hereby dismissed.

The Court finds that the Defendant also holds judicial immunity under Mississippi common law and the Mississippi Tort Claims Act. Moreover, Plaintiff's claims for intentional torts are barred by the one year statute of limitations found in Mississippi Code Section 15-1-35. Accordingly, Plaintiff's state law claims are hereby dismissed as well. As such, Defendant's Motion for Summary Judgment is GRANTED in its entirety, and Plaintiff's case is DISMISSED.

SO ORDERED, this the __17th__ day of March, 2009.

                                                              **/s/ Sharion Aycock**
                                                              **U.S. DISTRICT JUDGE**